**FILED - GR**

December 8, 2008 3:35 PM

RONALD C. WESTON, SR., CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald____/_____

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| **Corina Savage**, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | Hon. | **1:08-cv-1159** |
| v. | ) | | |
| | ) | | **Janet T. Neff** |
| **NCO Financial Systems, Inc.**, | ) | | **U.S. District Judge** |
| a Pennsylvania corporation, | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

### Complaint

### I. Introduction

1. This is an action for damages and declaratory relief, brought in response to the defendant debt collector's abusive, deceptive and/or unfair debt collection practices which violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq*.

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Corina Savage is an adult, natural person residing in Cass County, Michigan. Ms. Savage is a "consumer" and "person" as the terms are defined and/or used in the

1

FDCPA. Ms. Savage is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MCPA.

4.     Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Bingham Farms, Michigan 48025. NCO is a "debt collector" as the term is defined and/or used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and/or used in the MCPA.

**IV.     Facts**

5.     Ms. Savage had a credit account with Capital One (No. 5178 0524 4960 2461). Ms. Savage used the account for personal, family and/or household purposes. Any resulting debt was a "debt" as the term is defined and used in the FDCPA and MCPA.

6.     Ms. Savage became unable to pay the debt.

7.     Ms. Savage disputes the amount of the debt.

8.     Capital One or a successor in interest hired NCO to collect the debt from Ms. Savage. Alternatively, NCO purchased the delinquent account.

9.     In November 2008 Ms. Savage spoke by telephone with a NCO employee. The NCO employee stated that NCO was the collection agency for Capital One. The NCO employee demanded payment of the debt. The NCO employee stated that derogatory information regarding the debt was on Ms. Savage's credit report. The NCO employee stated that if Ms. Savage did not pay the debt, then the debt would be charged off, Ms. Savage would receive an R-09 credit rating, her credit would become completely ruined, and she would have to live with that rating

2

for the next ten years.

10.     The Fair Credit Reporting Act,15 U.S.C. § 1681 *et seq.,* states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

11.     NCO misrepresented the length of time for which derogatory information regarding the unpaid debt could remain on Ms. Savage's consumer report.

12.     The unlawful debt collection methods, acts and practices of NCO were willful. The violations of the FDCPA and MCPA by NCO were willful.

13.     As an actual and proximate result of the acts and omissions of NCO, Ms. Savage has suffered damage and injury, for which she should be compensated in an amount to be established by jury and at trial.

**V.     Claims for Relief**

## Count 1– Fair Debt Collection Practices Act

14.     Plaintiff incorporates the foregoing paragraphs by reference.

15.     Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a)     Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection

3

with the collection of a debt;

b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

16. Plaintiff incorporates the foregoing paragraphs by reference.

17. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor: (i) the legal status of a legal action being taken or threatened; and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure

4

designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to M.C.L. § 339.916(2);

b)     Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)     Statutory damages pursuant to M.C.L. § 339.916(2); and

d)     Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: December 8, 2008

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

5